DION N. COMINOS (SBN 136522)
TERRENCE J. BRASCH (SBN 262069)
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-3133
Facsimile: (415) 986-8054
dcominos@grsm.com
tbrasch@grsm.com

Attorneys for Defendants
BEST & FLANAGAN, LLP and
DANIEL L. GRIMSRUD

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACKLANE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BEST & FLANAGAN, LLP and DANIEL L. GRIMSRUD, <br><br> Defendants. | Case No.: 23-cv-03496-KAW <br><br> Assigned to Hon. Haywood S. Gilliam, Jr. for all proceedings <br><br> **FIRST AMENDED ANSWER OF DEFENDANTS BEST & FLANAGAN, LLP AND DANIEL L. GRIMSRUD** |

Defendants BEST & FLANAGAN, LLP and DANIEL L. GRIMSRUD (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 15(a)(1), submit their First Amended Answer to Plaintiff PACKLANE, INC.'s Complaint as follows:

**COMPLAINT**

1. In response to Paragraph 1 of the Complaint, Defendants admit that Packlane is a company headquartered in San Francisco, California; deny that Packlane was sold to Digital Room; admit that Packlane sold all or substantially most of all assets to Digital Room; admit that Digital Room is headquartered in Sherman Oaks, California; deny that Packlane could have readily avoided taxes on the sale of its assets to Digital Room; deny that defendants did not exercise the minimum skill and competence required of them.

2. In response to Paragraph 2 of the Complaint, Defendants admit that they had an

-1-

obligation to provide Packlane with legal advice; deny that said legal advice necessarily included tax-related advice; deny that another form of transaction was possible and that they had an obligation to advise regarding other forms of transactions that were not realistic possibilities; admit that the price of the sale of Packlane's assets to Digital Room was approximately $30 million.

3.  In response to Paragraph 3 of the Complaint, Defendants deny they were incompetent or that they failed to provide advice that they were required to provide; admit that Packlane learned of its apparent tax liability after close of the sale of assets to Digital Room; deny that defendants could and should have prevented the sale of assets or any tax liability stemming directly therefrom.

4.  In response to Paragraph 4 of the Complaint, Defendants deny that they provided incompetent representation; deny that they were not authorized to provide advice to Packlane; admit that they were not admitted to the California Bar; deny that they were required to be admitted to the California Bar; deny that they engaged in the unauthorized practice of law in California.

5.  In response to Paragraph 5 of the Complaint, Defendants deny that they practiced law without a license in California; deny that they provided incompetent and/or defective legal advice; deny that they were obligated to advise Packlane specifically on tax-related issues; deny that any form of transaction other than an asset sale was a realistic possibility; deny that they breached any obligations owed to Packlane, that they were negligent or committed malpractice, or that they breached professional and/or fiduciary duties to Packlane; admit that Packlane filed a complaint asserting the causes of action described therein.

6.  In response to Paragraph 6 of the Complaint, Defendants admit the allegations therein.

7.  In response to Paragraph 7 of the Complaint, Defendants admit the allegations therein.

8.  In response to Paragraph 8 of the Complaint, Defendants admit the allegations therein.

9. In response to Paragraph 9 of the Complaint, Defendants deny the allegations therein.

10. In response to Paragraph 10 of the Complaint, Defendants deny the allegations therein.

11. In response to Paragraph 11 of the Complaint, Defendants admit that Best & Flanagan entered into a written engagement agreement with Packlane, that they provided legal advice and services to Packlane, including as to the Digital Room transaction, and that they billed Packlane for said advice and services.

12. In response to Paragraph 12 of the Complaint, Defendants admit that Digital Room was interested in purchasing Packlane's assets; lack sufficient information regarding when Digital Room's interest first arose or was first communicated to Packlane to admit or deny the same.

13. In response to Paragraph 13 of the Complaint, Defendants admit that Digital Room was interested in purchasing Packlane's assets; lack sufficient information regarding Digital Room's motivation for said purchase to admit or deny the same.

14. In response to Paragraph 14 of the Complaint, Defendants admit that that Digital Room was interested in purchasing Packlane's assets; lack sufficient information regarding when Digital Room's offer of approximately $30 million was first expressed to admit or deny the same; admit that the ultimate sale price was approximately $30 million.

15. In response to Paragraph 15 of the Complaint, Defendants admit the allegations therein.

16. In response to Paragraph 16 of the Complaint, Defendants admit the allegations therein, except that they deny that their agreement was "without reservation" insofar as they do not understand the meaning of that phrase in this context.

17. In response to Paragraph 17 of the Complaint, Defendants admit that the scope of their representation was not expressly limited at the outset of said representation; deny that they never discussed with Packlane obtaining tax-related advice from other professionals throughout the course of the transaction with Digital Room.

18. In response to Paragraph 18 of the Complaint, Defendants do not understand the meaning of the phrase "held himself out as" in this context; admit that the description of Mr. Grimsrud's areas of practice on Best & Flanagan's website includes the areas alleged therein; do not understand to which areas of law the phrase "such advice" refers to in this paragraph; admit that Mr. Grimsrud never expressed to Packlane that he and Best & Flanagan could not provide any specific area of advice; deny that they never discussed with Packlane tax-related advice from other professionals throughout the course of the transaction with Digital Room.

19. In response to Paragraph 19 of the Complaint, Defendants admit that Packlane was located in San Francisco, California; lack personal knowledge regarding the personal residence of Packlane's CEO.

20. In response to Paragraph 20 of the Complaint, Defendants admit that they provided advice to Packlane during the subject period regarding the Digital Room transaction; lack sufficient knowledge regarding the exact number of attorneys from Best & Flanagan that provided said advice.

21. In response to Paragraph 21 of the Complaint, Defendants do not understand what the phrase "such legal work" refers to in this context; admit that they billed Packlane for legal services provided to it, including in connection with the Digital Room transaction.

22. In response to Paragraph 22 of the Complaint, Defendants admit the allegations therein.

23. In response to Paragraph 23 of the Complaint, Defendants admit the allegations therein.

24. In response to Paragraph 24 of the Complaint, Defendants do not understand the phrase "providing such work gave legal advice" in this context and do not understand to which "senior executive" this paragraph refers; admit as a general matter that attorneys at Best & Flanagan provide legal advice and services to Packlane; deny that they provided any legal advice or services to any Packlane employee's in their individual capacities, i.e. for personal matters unrelated to Packlane.

25. In response to Paragraph 25 of the Complaint, Defendants do not understand to

1 whom to the phrase "That Packlane executive" refers in this context and cannot admit or deny
2 that portion of this paragraph; admit that they provided legal advice to individuals physically
3 located in California who were Packlane employees.

4     26.     In response to Paragraph 26 of the Complaint, Defendants admit the allegations
5 therein.

6     27.     In response to Paragraph 27 of the Complaint, Defendants admit that Mr.
7 Grimsrud provided advice via email and telephone calls to Miriam Brafman; lack sufficient
8 knowledge regarding Ms. Brafman's physical location at all times of such communications.

9     28.     In response to Paragraph 28 of the Complaint, Defendants admit the allegations
10 therein.

11     29.     In response to Paragraph 29 of the Complaint, Defendants deny the allegations
12 therein.

13     30.     In response to Paragraph 30 of the Complaint, Defendants admit the allegations
14 therein.

15     31.     In response to Paragraph 31 of the Complaint, Defendants admit the allegations
16 therein.

17     32.     In response to Paragraph 32 of the Complaint, Defendants admit the allegations
18 therein.

19     33.     In response to Paragraph 33 of the Complaint, Defendants aver that there are no
20 allegations that require a response insofar as the allegations constitute a legal conclusion, not a
21 factual contention.

22     34.     In response to Paragraph 34 of the Complaint, Defendants admit the allegations
23 therein.

24     35.     In response to Paragraph 35 of the Complaint, Defendants deny the allegations
25 therein.

26     36.     In response to Paragraph 36 of the Complaint, Defendants deny the allegations
27 therein.

28     37.     In response to Paragraph 37 of the Complaint, Defendants deny the allegations

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 therein.

2 38. In response to Paragraph 38 of the Complaint, Defendants admit the allegations
3 therein.

4 39. In response to Paragraph 39 of the Complaint, Defendants aver that there are no
5 allegations that require a response insofar as the allegations constitute a legal conclusion, not a
6 factual contention.

7 40. In response to Paragraph 40 of the Complaint, Defendants do not understand the
8 phrase "parties to the possible transaction" as used in this context; admit that Packlane is a
9 Delaware corporation with headquarters in San Francisco, California.

10 41. In response to Paragraph 41 of the Complaint, Defendants do not understand the
11 phrase "material aspect of this transaction" as used in this context and cannot admit or deny the
12 allegations in this paragraph.

13 42. In response to Paragraph 42 of the Complaint, Defendants lack sufficient
14 information regarding the allegations in this paragraph to admit or deny the same.

15 43. In response to Paragraph 43 of the Complaint, Defendants deny the allegations
16 therein.

17 44. In response to Paragraph 44 of the Complaint, Defendants deny the allegations
18 therein.

19 45. In response to Paragraph 45 of the Complaint, Defendants admit the allegations
20 therein.

21 46. In response to Paragraph 46 of the Complaint, Defendants admit the allegations
22 therein generally, but lack sufficient information regarding Ms. Brafman's physical location at
23 the times she received communications and cannot admit or deny that specific allegation.

24 47. In response to Paragraph 47 of the Complaint, Defendants do not understand to
25 what the phrase "California merger and acquisition advisory firm" refers to and cannot admit or
26 deny the allegations in this paragraph.

27 48. In response to Paragraph 48 of the Complaint, Defendants deny the allegations
28 therein.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

49. In response to Paragraph 49 of the Complaint, Defendants aver that there are no allegations that require a response insofar as the allegations constitute a legal conclusion, not a factual contention

50. In response to Paragraph 50 of the Complaint, Defendants admit that they had an obligation to provide legal services consistent with the applicable standard of care, but as to the remainder of the allegations therein, aver that there are no other allegations that require a response insofar as the allegations constitute a legal conclusion, not a factual contention.

51. In response to Paragraph 51 of the Complaint, Defendants admit the allegations therein.

52. In response to Paragraph 52 of the Complaint, Defendants generally admit the allegations therein, except for the allegation that Mr. Grimsrud is personally making statements contained on Best & Flanagan's website, which is denied.

53. In response to Paragraph 53 of the Complaint, Defendants admit the allegations therein.

54. In response to Paragraph 54 of the Complaint, Defendants admit the allegations therein.

55. In response to Paragraph 55 of the Complaint, Defendants do not understand the phrase "corporate counsel" as used in this context and cannot admit or deny this allegations; admit that they undertook to provide legal representation of Packlane competently.

56. In response to Paragraph 56 of the Complaint, Defendants aver that there are no allegations that require a response insofar as the allegations constitute a legal conclusion, not a factual contention

57. In response to Paragraph 57 of the Complaint, Defendants deny the allegations therein.

58. In response to Paragraph 58 of the Complaint, Defendants deny the allegations therein.

59. In response to Paragraph 59 of the Complaint, Defendants lack personal knowledge regarding Digital Room's initial indication of interest and cannot admit or deny this

1   allegation; admit that Digital Room was interested in purchasing Packlane's assets.

2     60. In response to Paragraph 60 of the Complaint, Defendants lack sufficient
3   knowledge regarding these allegations and cannot admit or deny the same.

4     61. In response to Paragraph 61 of the Complaint, Defendants deny that they were
5   incompetent or failed to provide required advice; admit that Packlane discovered tax issues after
6   close of the sale of its assets to Digital Room.

7     62. In response to Paragraph 62 of the Complaint, Defendants admit that Packlane
8   would have tax consequence stemming from the sale of its assets to Digital Room; lack sufficient
9   knowledge regarding the exact amount of any such taxes due.

10     63. In response to Paragraph 63 of the Complaint, Defendants deny the allegations
11   therein.

12     64. In response to Paragraph 64 of the Complaint, Defendants deny that any other
13   form of transaction was a realistic possibility; object that this paragraph contains an incomplete
14   hypothetical and calls for speculation; aver that there are no other allegations that require a
15   response insofar as the allegations constitute a legal conclusion, not a factual contention.

16     65. In response to Paragraph 65 of the Complaint, Defendants admit the allegations
17   therein.

18     66. In response to Paragraph 66 of the Complaint, Defendants deny that they never
19   discussed possible tax implications of an asset sale to Digital Room with Packlane; admit that
20   they never used the phrase "the asset sale was fully taxable."

21     67. In response to Paragraph 67 of the Complaint, Defendants do not understand the
22   phrase "sale of Packlane" as used in this context; deny that any form of transaction other than the
23   sale of assets to Digital Room was a realistic possibility; deny that Packlane was unaware of the
24   existence of various forms of transactions involving acquisitions, mergers, sales, etc.

25     68. In response to Paragraph 68 of the Complaint, Defendants deny that they never
26   discussed possible tax implications of an asset sale to Digital Room with Packlane; admit that
27   they never used the phrase "this transaction would be fully taxable at the corporate level.

28     69. In response to Paragraph 69 of the Complaint, Defendants admit that they never

-8-

1  expressly disclaimed responsibility for any specific area of advice, including regarding taxes;
2  deny that they never advised Packlane that it needed tax-related advice from other tax
3  professionals.

4      70. In response to Paragraph 70 of the Complaint, Defendants deny that it was Mr.
5  Grimsrud's responsibility to obtain an entity level tax projection; admit that Mr. Grimsrud did
6  not specifically, expressly disclaim responsibility for any area of advice, including regarding
7  taxes, or "warn" Packlane regarding obtaining outside tax counsel.

8      71. In response to Paragraph 71 of the Complaint, Defendants deny that they were
9  responsible as alleged therein; admit that they never specifically stated "this asset sale
10 transaction would, in fact be a fully taxable transaction"; deny that they never discussed possible
11 tax ramifications of the asset sale with Packlane.

12     72. In response to Paragraph 72 of the Complaint, Defendants do not know to which
13 "Packlane senior executives" this refers and cannot admit or deny the same; lack sufficient
14 knowledge regarding any of Packlane's senior executives' mental states to admit or deny the
15 allegations therein; admit that a Packlane executive named Brian Murphy expressed to
16 defendants that there would be no federal tax due stemming from the transaction, would be some
17 state tax due stemming from the transaction, and that he would further consult with Packlane's
18 accounting firm on tax issues related to the asset sale to Digital Room.

19     73. In response to Paragraph 73 of the Complaint, Defendants do not know to whom
20 "those executives" refers and cannot admit or deny the same; admit that a Packlane executive
21 named Brian Murphy expressed to defendants that there would be no federal tax due stemming
22 from the transaction, would be some state tax due stemming from the transaction, and that he
23 would further consult with Packlane's accounting firm on tax issues related to the asset sale to
24 Digital Room.

25     74. In response to Paragraph 74 of the Complaint, Defendants admit the allegations
26 therein.

27     75. In response to Paragraph 75 of the Complaint, Defendants admit that Mr.
28 Grimsrud relied on information from Brian Murphy, including information Mr. Murphy received

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  from Packlane's outside accounting firm, in connection with the sale of assets to Digital Room;
2  aver that there are no other allegations that require a response insofar as the allegations constitute
3  a legal conclusion, not a factual contention.

4      76.    In response to Paragraph76 of the Complaint, Defendants do not understand to
5  what the phrase "such taxes" refers to in this context and cannot admit or deny this allegation;
6  admit that they relied on information from Brian Murphy, including information Mr. Murphy
7  received from Packlane's outside accounting firm, in connection with the sale of assets to Digital
8  Room.

9      77.    In response to Paragraph 77 of the Complaint, Defendants do not understand to
10 what the phrase "the topic" refers to therein and cannot admit or deny this allegation; deny that
11 Mr. Grimsrud never addressed tax issues with Packlane related to the sale of its assets to Digital
12 Room.

13     78.    In response to Paragraph 78 of the Complaint, Defendants deny that they never
14 addressed tax issues with Packlane related to the sale of assets to Digital Room; deny that they
15 never advised Packlane that tax-related information from other tax professionals would be
16 necessary; admit that they never expressly disclaimed advice in any specific area, including
17 regarding taxes.

18     79.    In response to Paragraph 79 of the Complaint, Defendants deny that their advice
19 was defective; admit the remainder of the allegations therein.

20     80.    In response to Paragraph 80 of the Complaint, Defendants lack sufficient
21 information regarding whether any tax liabilities incurred by Packlane in connection with the
22 sale of its assets to Digital Room have been finalized and cannot admit or deny the allegations
23 therein.

24     81.    In response to Paragraph 81 of the Complaint, Defendants reallege each and every
25 of the responses to the foregoing paragraphs as though individually set forth herein.

26     82.    In response to Paragraph 82 of the Complaint, Defendants aver that there are no
27 allegations that require a response insofar as the allegations constitute a legal conclusion(s), not a
28 factual contention(s).

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1  83. In response to Paragraph 83 of the Complaint, Defendants aver that there are no
2  allegations that require a response insofar as the allegations constitute a legal conclusion(s), not a
3  factual contention(s).
4  84. In response to Paragraph 84 of the Complaint, Defendants deny the allegations
5  therein.
6  85. In response to Paragraph 85 of the Complaint, Defendants deny the allegations
7  therein.
8  86. In response to Paragraph 86 of the Complaint, Defendants deny the allegations
9  therein.
10 87. In response to Paragraph 87 of the Complaint, Defendants deny the allegations
11 therein.
12 88. In response to Paragraph 88 of the Complaint, Defendants reallege each and every
13 of the responses to the foregoing paragraphs as though individually set forth herein.
14 89. In response to Paragraph 89 of the Complaint, Defendants aver that there are no
15 allegations that require a response insofar as the allegations constitute a legal conclusion(s), not a
16 factual contention(s).
17 90. In response to Paragraph 90 of the Complaint, Defendants deny the allegations
18 therein.
19 91. In response to Paragraph 91 of the Complaint, Defendants deny the allegations
20 therein.
21 92. In response to Paragraph 92 of the Complaint, Defendants deny the allegations
22 therein.
23 93. In response to Paragraph 93 of the Complaint, Defendants deny the allegations
24 therein.
25 94. In response to Paragraph 94 of the Complaint, Defendants reallege each and every
26 of the responses to the foregoing paragraphs as though individually set forth herein.
27 95. In response to Paragraph 95 of the Complaint, Defendants aver that there are no
28 allegations that require a response insofar as the allegations constitute a legal conclusion(s), not a

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 factual contention(s); specifically deny applicability of the California Rules of Professional
2 Conduct to the conduct at issue in this matter.

3       96. In response to Paragraph 96 of the Complaint, Defendants deny the allegations
4 therein.

5       97. In response to Paragraph 97 of the Complaint, Defendants deny the allegations
6 therein.

7       98. In response to Paragraph 98 of the Complaint, Defendants deny the allegations
8 therein.

## PLAINTIFF'S PRAYER

Defendants deny that Plaintiff is entitled to the damages requested, or to any damages at all, that Plaintiff is entitled to Judgment against Defendants or in its favor, and that Plaintiff is entitled to any relief from this or any other court against these answering Defendants.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to mitigate its damages, if any, and accordingly, is not entitled to the relief sought in the Complaint. Plaintiff has failed to pursue and/or exhaust all means for reducing any tax liability arising from the sale of its assets to Digital Room, including, but not limited to, appeals with the Internal Revenue Service.

## SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault)

If negligence is found on the part of these Defendants, which is expressly denied, that said negligence should be compared with the negligence of the Plaintiff, and all other parties herein, and apportioned accordingly. Specifically, Plaintiff was negligent in that it provided tax-related information to Defendants, upon which Defendants relied, in connection with the sale of Plaintiff's assets to Digital Room and said information was inaccurate and/or incomplete. Plaintiff represented to Defendants that it would consult with its outside accounting firm regarding the sale of its assets to Digital Room, but Plaintiff failed to do so in an adequate and/or

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 timely manner.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint is barred by the doctrine of unclean hands. Plaintiff was an active participant in the conduct alleged in the Complaint. Plaintiff provided inaccurate and/or incomplete tax-related information to Defendants in connection with the sale of Plaintiff's assets to Digital Room. Defendants relied upon said inaccurate and/or incomplete information. Plaintiff represented to Defendants that it would consult with its outside accounting firm regarding the sale of its assets to Digital Room, but Plaintiff failed to do so in an adequate and/or timely manner.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver & Estoppel)

Plaintiff has waived and is estopped and barred from alleging the matters set forth in the Complaint. Insofar as Plaintiff's alleged damages, if any there are, resulted from Plaintiff's own conduct, it is estopped from asserting the claim in its Complaint. Specifically, Plaintiff provided inaccurate and/or incomplete tax-related information to Defendants in connection with the sale of Plaintiff's assets to Digital Room. Defendants relied upon said inaccurate and/or incomplete information. Plaintiff represented to Defendants that it would consult with its outside accounting firm regarding the sale of its assets to Digital Room, but Plaintiff failed to do so in an adequate and/or timely manner.

## FIFTH AFFIRMATIVE DEFENSE

### (Active Fault)

That if Plaintiff suffered any loss or damage in this action, which is denied, it was the result of Plaintiff's own active fault with respect to the matters alleged in the Complaint, and that such wrongful conduct proximately caused or contributed to whatever damages Plaintiff seeks and that, therefore, Plaintiff's purported causes of action are barred by such act, performance or conduct. Among other conduct, Plaintiff provided inaccurate and/or incomplete tax-related information to Defendants in connection with the sale of Plaintiff's assets to Digital Room.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendants relied upon said inaccurate and/or incomplete information.  Plaintiff represented to
2  Defendants that it would consult with its outside accounting firm regarding the sale of its assets
3  to Digital Room, but Plaintiff failed to do so in an adequate and/or timely manner.

### SIXTH AFFIRMATIVE DEFENSE

**(Complaint barred by Sole Negligence or Willful Misconduct)**

That any alleged agreements between Plaintiff and Defendants are barred by Civil Code sections 2782, *et seq.*  Plaintiff provided inaccurate and/or incomplete tax-related information to Defendants in connection with the sale of Plaintiff's assets to Digital Room.  Defendants relied upon said inaccurate and/or incomplete information.  Plaintiff represented to Defendants that it would consult with its outside accounting firm regarding the sale of its assets to Digital Room, but Plaintiff failed to do so in an adequate and/or timely manner.

### SEVENTH AFFIRMATIVE DEFENSE

**(Performance of all Conditions)**

That these answering Defendants have fully performed all the conditions and covenants required to be performed by them unless and until prevented from doing so by Plaintiff or because performance was excused due to impossibility, impracticality, illegality, and/or because it violated the public policy of the United States and/or State of California and/or State of Minnesota.  Specifically, Defendants advised Plaintiff regarding the sale of its assets to Digital Room.  Said sale was completed.  Plaintiff was paid approximately $30 million for said sale.  No structure for the sale other than as an asset sale was a realistic possibility and/or if another form of transaction had been used, the purchase price would have been lower such that Plaintiff would not have received more than it did as a result of the actual transaction.

### EIGHTH AFFIRMATIVE DEFENSE

**(No Joint and Several Liability/Apportionment)**

That any losses or damages suffered by Plaintiff herein, if in fact any there were, which is denied, were proximately caused by the negligence and carelessness of each of the other parties herein; that such negligence and carelessness should reduce any judgment against these answering Defendants according to the proportionate share of negligence of each of the parties,

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

according to the doctrine set out by the California Supreme Court in the case of *American Motorcycle Association v. Superior Court* (1978) 20 Cal.3d 578.  Specifically as to Plaintiff, it provided inaccurate and/or incomplete tax-related information to Defendants in connection with the sale of Plaintiff's assets to Digital Room.  Defendants relied upon said inaccurate and/or incomplete information.  Plaintiff represented to Defendants that it would consult with its outside accounting firm regarding the sale of its assets to Digital Room, but Plaintiff failed to do so in an adequate and/or timely manner.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Necessary Parties)

That the Plaintiff herein has failed to include, as necessary parties, potential defendants who are indispensable to the relief sought herein, and these answering Defendants are not responsible for their actions, directly, indirectly, vicariously or in any other manner.  Specifically, Plaintiff has not included as a defendant the outside accounting firm whose advice it sought with respect to the sale of its assets to Digital Room.

## TENTH AFFIRMATIVE DEFENSE

### (Standard of Care)

At all times, these Defendants' conduct comported with the appropriate standard of care.  Specifically, Defendants advised Plaintiff regarding the sale of its assets to Digital Room.  Said sale was completed.  Plaintiff was paid approximately $30 million for said sale.  No structure for the sale other than as an asset sale was a realistic possibility and/or if another form of transaction had been used, the purchase price would have been lower such that Plaintiff would not have received more than it did as a result of the actual transaction.  Furthermore, Defendants were not required by be licensed to practice law in California to perform the services they rendered to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Compliance with Laws)

Defendants allege that they has complied with all applicable regulations, codes, statutes, and other laws.  Specifically, Defendants advised Plaintiff regarding the sale of its assets to

1  Digital Room.  Said sale was completed.  Plaintiff was paid approximately $30 million for said
2  sale.  No structure for the sale other than as an asset sale was a realistic possibility and/or if
3  another form of transaction had been used, the purchase price would have been lower such that
4  Plaintiff would not have received more than it did as a result of the actual transaction.
5  Furthermore, Defendants were not required by be licensed to practice law in California to
6  perform the services they rendered to Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Defendants allege that the damages alleged by Plaintiff are speculative and conjectural and not caused by any acts or omissions on the part of these answering Defendants.  Specifically, because Plaintiff has failed to pursue and/or exhaust all means for reducing any tax liability arising from the sale of its assets to Digital Room, including, but not limited to, appeals with the Internal Revenue Service, Plaintiffs damages are speculative and cannot be ascertained with any reasonable certainty.  Furthermore, No structure for the sale other than as an asset sale was a realistic possibility and/or if another form of transaction had been used, the purchase price would have been different than the price of the actual transaction, making any damages related thereto unknown and unknowable and, therefore, unrecoverable.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Breach by Plaintiff)

Plaintiff breached any alleged agreement between it and Defendants and consequently Defendants were relieved from performing any obligations thereunder.  Specifically, Plaintiff provided inaccurate and/or incomplete tax-related information to Defendants in connection with the sale of Plaintiff's assets to Digital Room.  Defendants relied upon said inaccurate and/or incomplete information.  Plaintiff represented to Defendants that it would consult with its outside accounting firm regarding the sale of its assets to Digital Room, but Plaintiff failed to do so in an adequate and/or timely manner.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Unstated Additional Defenses)**

Defendants presently have insufficient knowledge and information on which to form a belief as to whether there exist additional, as yet unstated, affirmative defenses. Defendants reserve herein the right to assert additional affirmative defenses in the event that discovery indicates that such a defense would be appropriate.

## PRAYER

WHEREFORE, these answering Defendants pray that Plaintiff take nothing by way of its Complaint on file herein, and that these Defendants be hence dismissed with its costs of suit herein, and for such other and further relief as the Court deems just and proper.

August 17, 2023                              GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ TERRENCE J. BRASCH*
    DION N. COMINOS
    TERRENCE J. BRASCH
    Attorneys for Defendants
    BEST & FLANAGAN, LLP and
    DANIEL L. GRIMSRUD

# CERTIFICATE OF SERVICE

I, Heather Bowman, hereby certify that on August 17, 2023, the foregoing document was filed and served electronically using the CM/ECF system, and served by U.S. Mail on anyone unable to receive a notice of electronic filing.

                                          */s/ Heather Bowman*
                                          HEATHER BOWMAN

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1311314/77393226v.1